IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMBERLEI DENT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:17–01858–JMC |
| BRITTANY WATERS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This suit arises out of a motor vehicle accident in which Plaintiff Amberlei Dent ("Plaintiff" or "Ms. Dent") claims that she suffered injury due to Defendant Brittany Waters' ("Defendant" or "Ms. Waters") alleged negligence in operating her vehicle. The parties consented to proceed before a magistrate judge for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF Nos. 21 & 22). Currently pending before this Court is Plaintiff's Motion for Summary Judgment on the Issue of Liability. (ECF No. 23). The Court has reviewed Plaintiff's Motion, Defendant's Response in Opposition thereto, and Plaintiff's Reply in Support thereof. (ECF Nos. 23, 24, 26). No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Plaintiff's Motion is DENIED.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "to demonstrate the absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted). A dispute as to a material fact "is

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## II. DISCUSSION

The crux of Plaintiff's claim, and the basis for her Motion for Summary Judgment, is that Defendant negligently struck Plaintiff's vehicle when Defendant attempted to merge into Plaintiff's lane as Plaintiff slowed her own vehicle in appropriate response to a yellow stoplight. Based only on Defendant's deposition testimony, Plaintiff argues that "it is clear that the Defendant was negligent in the operation of her vehicle and the Plaintiff did nothing to contribute to the accident." (ECF No. 23–1 at 5).[1] In explaining the circumstances of the accident, Defendant stated at deposition, "I was trying to move over, merge over [into Plaintiff's lane], so I put my blinker on, and as I tried to proceed to merge, I expected her to go through the light and I would have plenty of space to move, but instead of going through the light, she

---

[1] Plaintiff cites no legal standard, case law, or statute in support of her Motion.

2

stopped, and that's when the right front end of my car tapped the left rear end of her car." *Id.* at 4. Plaintiff asserts that because Defendant admitted her car came into contact with Plaintiff's car, Defendant is liable as a matter of law and summary judgment should be granted.

The Maryland Court of Appeals has explained the general rule in Maryland "that every automobile driver must exercise toward other travelers on the highways that degree of care which a person of ordinary prudence would exercise under similar circumstances." *Brehm v. Lorenz*, 206 Md. 500, 506 (1955) (internal citations omitted). In particular, the Court has cited "the duty of the rear driver to keep a safe distance between vehicles," but has also explained that "[j]ust how near the driver of an automobile may follow another automobile and still exercise ordinary care depends upon the facts and circumstances of the case." *Id. See also* Md. Code Ann., Transp., § 21–310 ("The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the other vehicle and of the traffic on and the condition of the highway.").

However, the Court of Appeals has also referenced another general rule in Maryland: "negligence is not presumed from the mere happening of a motor vehicle collision, because it cannot be inferred in the absence of negligence that one party rather than the other was at fault." *Brehm*, 206 Md. at 508. "In this specific type of case, where a rear-end collision occurs after the lead vehicle comes to a stop, there is no presumption that the rear driver was negligent unless she had the chance to stop after the necessity of stopping was apparent." *Grant v. Newman*, No. 404305, 2017 WL 4251755, at *3 (Md. Ct. Spec. App. Sept. 26, 2017), *cert. denied*, 456 Md. 258 (2017), (quoting *Herbert v. Klinsenbauer*, 12 Md. App. 135, 139 (1971)). In cases involving motor vehicle collisions, "[t]he question [of] whether due care was used by either of the drivers is a question for the jury except when the case is one where reasonable minds would not differ."

3

*Id.*; *see also Herbert v. Klisenbauer*, 12 Md. App. 135, 139 (1971) ("The question whether the following vehicle involved in a rear-end collision neglected to use due care is ordinarily for the jury to decide.").

Defendant's explanation at her deposition of how the collision occurred hardly amounts to an admission of liability that would alone warrant a grant of summary judgment, especially considering the fact that Defendant asserts Plaintiff herself contributed to the accident by "stopp[ing] abruptly on a yellow light." (ECF No. 24–1 at 9). It is entirely possible that Defendant operated her vehicle negligently and was at fault for the accident. It is also entirely possible that Plaintiff contributed to the collision by negligently operating her own vehicle by "stopping abruptly." For example, the Maryland Driving Manual instructs drivers that when approaching a yellow light, "If you are too close to the intersection to stop safely, continue through the intersection with care." Maryland Motor Vehicle Administration, Maryland Driver's Manual 12 (2017). "However, in any action for damages the court is not justified in inferring negligence merely from possibilities." *Brehm*, 206 Md. at 506. Depending on the facts and circumstances of this specific motor vehicle collision, which are disputed in the parties' submissions, reasonable minds could differ as to which party is at fault. A grant of summary judgment is inappropriate where a dispute of material fact exists. In this case, the material facts and circumstances of the collision between Plaintiff and Defendant are disputed, and remain a question for the jury to decide. Thus, a grant of summary judgment is inappropriate.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. A separate Order shall follow.

Dated: March 5, 2018                                /s/
                                        J. Mark Coulson
                                        United States Magistrate Judge